# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RODNEY D. ZEUNE,**

    **Plaintiff,**

v.

**JUDGE JOHN BENDER, et al.,**

    **Defendants.**

**Case No. 2:12-cv-448**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge E.A. Preston Deavers**

## ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Russell Moore and Janey Carroll (Doc. No. 3), the Motion to Dismiss of Defendant Matt Daily (Doc. No. 4) and the Motion to Dismiss of John Bender and Jennifer Hunt (Doc. No. 5). For the reasons that follow, the Court **GRANTS** the Motion of Defendants Moore and Carroll and **REMANDS** the remainder of this action to the Ohio Supreme Court. The Court therefore **DENIES AS MOOT** the Motions of Defendants Daily, Bender and Hunt.

**I.**

On April 27, 2012, Rodney D. Zeune, acting *pro se*, filed a Petition for Writ of Mandamus in the Ohio Supreme Court, to compel respondents to disclose evidence he claims was improperly withheld during his trial. Zeune named as respondents Franklin County Common Pleas Judge John Bender, Assistant Prosecuting Attorney Jennifer Hunt, Mount Vernon Ohio Police Officer Matt Daily, Drug Enforcement Administration ("DEA") Task Force Officer Russell Moore and DEA Special Agent Janey Carroll.

In an affidavit attached to his Petition, Zeune alleges that his counsel filed a discovery request before trial under Rule 16 of the Ohio Rules of Criminal Proceedure. (Aff. of Rodney D.

Zeune, ¶ 2.) Zeune avers that during his trial he "discovered that police and prosecution purposely and willfully withheld at least one photograph, several audio recordings, a video recording, witness statements, investigation reports and surveillance and police reports." *Id.* ¶ 3. Zeune contends that he would have had a successful defense "[h]ad the evidence and complete discovery been turned over by the prosecution." *Id.* ¶ 15.

The trial to which Zeune's Petition refers was held on August 5, 2010, and resulted in a jury verdict finding Zeune guilty of complicity in trafficking in cocaine. Zeune appealed to the state appellate court, alleging various improprieties relating to his trial. *See State v. Zeune*, No. 10AP-1102, 2011 WL 4600663 (Ohio App. 10 Dist. Oct. 6, 2011). On October 6, 2011, the appellate court affirmed the trial court's decision in part and reversed it in part. *Id.* at *1. The appellate court reversed in part on the grounds that the trial court erred by indicating that the sentence imposed was not mandatory and by imposing the sentence under the mistaken belief that Zeune would be eligible for judicial release. *Id.* at *6. The appellate court remanded for resentencing because it was "unclear what sentence the trial court might have imposed had it realized that appellant was not eligible for judicial release . . . ." *Id.*

On May 22, 2012, DEA Task Force Officer Moore and DEA Special Agent Carroll ("Federal Officers") removed Zeune's action to this Court. The Federal Officers move to dismiss for lack of subject matter jurisdiction or in the alternative for failure to state a claim upon which relief can be granted. The remaining defendants move for dismissal by incorporating their motions to dismiss that had been filed before the Ohio Supreme Court. Zeune filed his memorandum in opposition to all three of the motions on January 28, 2013. (Doc. No. 8.) On February 5, 2013, Defendant Daily filed a reply brief. (Doc. No. 9.)

2

**II.**

When a defendant seeks dismissal for both lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6), a court must consider the 12(b)(1) motion first because the 12(b)(6) motion will become moot if subject matter jurisdiction is lacking. *City of Heath*, 834 F. Supp 971, 975 (S.D. Ohio 1993).

As to subject matter jurisdiction, the Federal Officers have mounted a facial challenge based on the allegations made in Zeune's Petition. The Court therefore applies the same standard applicable to Rule 12(b)(6) motions. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990); *Chamber of Commerce v. Ohio Elections Comm'n*, 135 F. Supp.2d 857, 860 (S.D. Ohio 2001). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–5570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citation omitted).

**III.**

The Federal Officers removed this action under 28 U.S.C. § 1442, which provides a removal vehicle for federal officers and/or agencies. The Federal Officers contend that they should be dismissed from this action because the state court lacked jurisdiction over Zeune's claim and this Court did not acquire jurisdiction upon removal under 28 U.S.C. § 1442. This Court agrees.

3

Pursuant to the derivative jurisdiction doctrine, this Court regularly dismisses actions filed against federal officers and/or agencies after they are removed under 28 U.S.C. § 1442. *See e.g., Hines v. Comm'r of Soc. Sec.*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012); *Waters v. FBI*, Case No. 2:11-cv-17, slip op. (S.D. Ohio April 26, 2011); *Graber v. Astrue*, 2:07–cv–1254, 2009 WL 728564, * 4 (S.D. Ohio 2009); *Ohio v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252 (S.D. Ohio April 12, 2007). Indeed, this Court has dismissed at least two such cases that were originally filed as petitions for writs of mandamus in the Ohio Supreme Court. *See Waters v. FBI*, Case No. 2:11-cv-17; *Ohio v. Smith*, 2007 WL 1114252.

The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction.[1] *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). The doctrine is based on the general notion that removal jurisdiction is "purely derivative." *Arizona v. Manypenny*, 451 U.S. 232, 243

---

[1] In 1986 Congress abolished the derivative jurisdiction doctrine for cases removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ( "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). The weight of authority holds that the derivative jurisdiction doctrine remains applicable to removals under 28 U.S.C. § 1442. *See, e.g., Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir 1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction."); *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("[B]ecause this case was removed from the state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("The jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court."); *Hines*, 876 F. Supp. 2d at 1004 ("Under the derivative jurisdiction doctrine, because the state court (where the action was initially filed) did not have subject matter jurisdiction over Plaintiff's claim, this Court also lacks subject matter jurisdiction upon a 28 U.S.C. § 1442 removal."); *Ghorashi-Bajestani v. Bajestani*, No. 1:11-cv-295, 2012 U.S. Dist. LEXIS 156520 (E.D. Tenn. May 3, 2012) (same).

4

n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."). In other words, the derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there. *Minnesota v. United States*, 305 U.S. at 389 ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.")

This Court has held that a state court lacks subject matter jurisdiction to issue a writ of mandamus against a federal officer. *Ohio v. Smith*, 2007 WL 1114252, at *1 (citing *McClung v. Silliman*, 19 U.S. 598, 603 (1821) and *Ex parte Shockley*, 17 F.2d 133, 137 (N.D. Ohio 1926)); *see also State ex rel. Tran v. Christian*, 108 Ohio App.3d 578 (Ohio 8th Dist. 1996) ("'[T]here is strong authority for the proposition that, by virtue of the *McClung v. Silliman* doctrine, a state court cannot entertain a mandamus proceeding to direct the action of a federal officer or agency relative to a matter committed to the officer or agency . . . .'" quoting Moore's Federal Practice § 245 ¶ 0.6[5] (1978)). Thus, the Ohio Supreme Court lacked jurisdiction over Zeune's Petition for Writ of Mandamus filed against the Federal Officers, and this Court is precluded from acquiring jurisdiction upon removal. Accordingly, this Court lacks subject matter jurisdiction over the claims filed against the Federal Officers.

As to the remainder of this action, it will be remanded for the Ohio Supreme Court. *See Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 355 (E.D. N.Y. 1999) (the appropriate course of action is to remand the remainder of a case removed under 28 U.S.C. § 1442 when the federal

5

defendants are dismissed) (citing Moore's Federal Practice § 107.15[1][b][vi] ("If the state court lacks jurisdiction, . . . the federal court should dismiss the action against the federal agency . . . and remand any other claims against other defendants.") and *Nebraska ex rel. Department of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) (after proper removal of action, "once the court determined that it lacked subject matter jurisdiction over the claims against the IRS, it properly dismissed those claims before remanding the remainder of the case to state court")).

## IV.

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss of Defendants Russell Moore and Janey Carroll (Doc. No. 3) and **DENIES AS MOOT** the Motions to Dismiss of Defendant Matt Daily (Doc. No. 4) and John Bender and Jennifer Hunt (Doc. No. 5). The Clerk is **DIRECTED** to **DISMISS** Russell Moore and Janey Carroll from this action and to **REMAND** the remainder of the case to the Ohio Supreme Court.

**IT IS SO ORDERED.**

3-22-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**